# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

JPJ COMPANIES, LLC A/A/O DEAN VOCATURO AND CHRISTINE VOCATURO,

    Plaintiff,

vs.

AMICA MUTUAL INSURANCE COMPANY,

    Defendant.

_____/

Case No.:

## DEFENDANT/PETITIONER AMICA MUTUAL INSURANCE COMPANY'S NOTICE OF REMOVAL OF CAUSE OF ACTION TO UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA,

COMES NOW Defendant/Petitioner, AMICA MUTUAL INSURANCE COMPANY ("AMICA"), by and through its undersigned counsel and pursuant to 28 U.S.C. § 1446(d), and hereby files this Notice of Removal of Cause pursuant to 28. U.S.C. § 1441, *et seq.*, and 28 U.S.C. § 1332, to remove to the United States District Court, Southern District of Florida, Fort Lauderdale Division (the "Federal Court"), that cause of action presently pending in the Circuit Court of the 17th Judicial Circuit, in and for Broward County, Florida (the "State Court"), Case No. 502019CA008231XXXXMB, Div. AH, and styled JPJ COMPANIES, LLC A/A/O DEAN VOCATURO AND CHRISTINE VOCATURON vs. *AMICA MUTUAL INSURANCE COMPANY*. In support of this Notice of Removal of Cause, AMICA states the following:

    **I.**    **FACTUAL AND PROCEDURAL BACKGROUND**

    1.    On or about June 25, 2019, PLAINTIFF filed a breach of contract action against AMICA, arising out of a claim for damages allegedly sustained to the insured property located at

1

594 Cypress Green Circle, Wellington, Florida 33414 (the "Property"), located in Palm Beach County, Florida, as a reported result of Hurricane Irma which made landfall nearly one (1) year prior to the first report of the loss on or about September 10, 2018. The action is currently pending in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida, Case No. 502019CA008231XXXXMB, Div. AH and seeks payment for the Hurricane Irma homeowners insurance claim. *See Complaint attached hereto as* **Exhibit "A."**

2. PLAINTIFF has alleged that the Property sustained a covered loss and AMICA failed to fully indemnify it/them. *See* **Exhibit "A."**

3. PLAINTIFF claims to have provided AMICA with notice of benefits for the claim under the policy and alleges that AMICA failed to pay for claims owing under the policy.

4. On August 30, 2019, AMICA moved to remove the action from State Court to Federal Court by filing its Notice of Removal in the State Court action based upon the pre-suit estimate, proof of loss and demand for payment in excess of $75,000.00 submitted by PLAINTIFF. *See Notice of Removal attached hereto as* **Exhibit B.**

5. Pursuant to 28 U.S.C. § 1446(a) and the Local Rules, a copy of all process, pleadings, and orders on file in the case are attached hereto as **Composite Exhibit C** and delineated as follows: (a) Complaint, and (b) Summons.

II. **STANDARD OF REVIEW**

6. Where there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs, an action may be removed from State Court to Federal court.

7. As such, this State Court action may be removed to this Honorable Court based upon diversity jurisdiction in accordance with 28 U.S.C. § 1441 and 28 U.S.C. § 1332.

8. 28 U.S.C. § 1441 (a) provides:

   Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

9. 28 U.S.C. § 1332 provides, in relevant part:

   (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between—

   (1) Citizens of different States;

10. Subsection (c) of 28 U.S.C. § 1332 provides:

    (c) For the purposes of this section and section 1441 of this title --
    (1) a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…

11. 28 U.S.C. 1446(b) provides, in relevant part:

    (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
    \*\*\*

### III. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PARTIES

12. Upon information and belief, including review of PLAINTIFF's Complaint filed in the State Court action, PLAINTIFF is a resident of Palm Beach County, Florida, specifically Wellington, FL. *See **Exhibit A**.*

13. Florida Statutes § 196.012(17) defines permanent residence as "place where a person has his or her true, fixed, and permanent home and principal establishment to which,

3

whenever absent, he or she has the intention of returning. A person may have only one permanent residence at a time…"

14. Although residency may not be the equivalent of citizenship for diversity purposes, state citizenship or domicile for purposes of diversity jurisdiction is determined by two factors: residence and intent to remain. See *Jones v. Law Firm of Hill and Ponton,* 141 F.Supp.2d 1349, 1355 (M.D. Fla. 2001)(citing *Mississippi Band of Choctaw Indians v. Holyfield,* 490 U.S. 30, 48 (1989). There is a presumption that the state in which a person resides at any given time is also that person's domicile. *Jones*, 141 F. Supp. At 1355 (citing *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941). Furthermore, once an individual has established a domicile, he/she remains a citizen there until he/she satisfies the mental and physical requirements of domicile in a new state. *Id*. at 1355 (citing *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990). In the instant matter, it is anticipated that the PLAINTIFF will not file anything to rebut such a presumption.

15. PLAINTIFF's Complaint fails to include any allegations as to the specific citizenship of AMICA, or the location of its principal place of business. *See Exhibit A.*

16. However, the allegations of diversity are not required to exist in the Complaint. This Court may consider other filings, in addition to the PLAINTIFF's Complaint to determine AMICA's citizenship. *Huchon v. Jankowski*, 2007 WL 221421 at *2 (S.D. Fla. 2007, Case No.: 06-10094 CIV MOORE)(citing *Davis v. Cluet, Peabody & Co.*, 667 F.2d 1371, 1373 (11th Cir. 1982).

17. Pursuant to 28 U.S.C. § 1332 (c)(1), a corporation shall be deemed to be a citizen of any State in which it has been incorporated and of the State where it has its principal place of business.

18. At all material times hereto, AMICA was and is a foreign (surplus lines insurance carrier) corporation, incorporated in Rhode Island, with its principal place of business located at One Hundred Amica Way, Lincoln, RI 02865.

19. Therefore, AMICA "resides" in Rhode Island, and for purposes of diversity jurisdiction, AMICA, could only be considered a citizen of Rhode Island, not Florida.

20. There are no allegations in PLAINTIFF's Amended Complaint or elsewhere that PLAINTIFF is a citizen of Rhode Island.

21. As such, there is complete diversity of citizenship between the parties.

## IV.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

22. The PLAINTIFF has failed to plead any specific amount of damages sought and has simply stated "(t)he amount in controversy in this action exceeds the sum of Fifteen Thousand Dollars ($15,000)," without more.

23. When a plaintiff files a case in state court, and fails to plead a specific amount of damages, the removing defendant must only prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirements. *Williams v. Best Buy Co. Inc.*, 269 F.3d 1316 (11th Cir. 2001).

24. "(I)nformation relating to the amount in controversy…in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3). 28 U.S.C. § 1446 (c)(3)(A).

25. Based upon the factual allegations of the Complaint and the PLAINTIFF's pre-suit demand letter, specifically as it relates to the amount of damages that PLAINITFF is seeking in this action, it is clear that the amount in controversy exceeds $75,000, the jurisdictional requirement of this Court.

26. Prior to serving AMICA with the subject Complaint, PLAINITFF provided AMICA with estimates and a demand in excess of $75,000.

27. Pre-suit settlement demands or offers may be considered in establishing that the jurisdictional threshold has been met. *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1097 (11th Cir. 1994)(cited in *Morock v. Chautauqua Airlines Inc., 2007 U.S. Dist. LEXIS 43133 (M.D. Fla. 2016, Case No.: 8:07-CV-00210-T17MAP) and Burnette v. Regions Bank, 2016 WL 1644182 (M.D. Fla. 2016, Case No.: 5:15-CV-567-OC-32PRL). See also Westerburger v. Geovera Specialty Ins. Co.*, 2019 U.S. Dist. LEXIS 87974, (S.D. Fla. Case No. 19-60870-CIV)("Public adjuster estimates are routinely used to establish the amount in controversy in removal cases of first party insurance claims where the amount of damages is not specified in the complaint.")

28. As such, the amount sought by PLAINTIFF from AMICA, exceeds the monetary threshold of $75,000. *See Exhibits A and D. See also Juan Diego Cardenas DDS, Inc. v. Colony Specialty Ins. Co.*, 14-22957-Civ-Scola, 2015 U.S. Dist. LEXIS 184620 (S.D. Fla. Feb. 12, 2015); *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547. 554, 190 L. Ed. 2d 495 (2014) (citing 28 U.S. C. § 1446(a)) ("[A] defendant's notice of removal need include[s] only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

**V.     REMOVAL TO FEDERAL COURT IS TIMELY**

29. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty (30) days of service of the State Court action.

30. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action will be promptly served on PLAINTIFF's counsel, and a Notice of Filing Notice of Removal to the United States District Court, is being filed contemporaneously with the Clerk of the Circuit Court in and for Broward County, Florida.

31. Further, PLAINTIFF filed her Complaint in Broward County Circuit Court based on the location of the Property, and therefore venue is proper in this district and division pursuant to 28 U.S.C. Section 1441. *See Composite Exhibit F.*

32. There has been no waiver by Defendant/Petitioner of any rights to remove this cause to the Federal Court.

33. The undersigned counsel are attorneys of record for the Defendant, and have been specifically authorized to act on behalf of the Defendant/Petitioner in seeking removal of this cause to the Federal Court.

WHEREFORE, Defendant/Petitioner, AMICA MUTUAL INSURANCE COMPANY, respectfully requests that this Court enter of an Order removing this cause from the Circuit Court of the 15th Judicial Circuit, in and for Palm Beach County, Florida to the United States Court, Southern District of Florida, and further requests enjoining prosecution by the Plaintiff/Respondent in the State Court action and further direction that the State Court action shall proceed no further unless further Order of Remand is issued by this Court.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished electronically this 30th day of August, 2019, to counsel of record for Plaintiff: Paris R. Webb, Jay Arnesan, Arnesan Webb, PA, 197 S. Fed. Hwy., Ste. 300, Boca Raton, FL  33432; paris@insurancelawyers.org, eservice@insurancelawyers.org either by transmission of Notices of Electronic Filing generated by CM/ECF or by email if counsel is not authorized to receive electronic Notices of Electronic Filing.

> VERNIS & BOWLING OF PALM BEACH, P.A.
> 884 U.S. Highway One
> North Palm Beach, Florida 33408
> Telephone:  (561) 775-9822
> Fax: (561) 775-9821
> Attorney for Defendant, *Amica Mutual Insurance Company*
>
> By: */s/ Deborah S. Martin*____
>     Lauren Maione-Walsh, Esquire
>     Florida Bar No.: 0772122
>     Deborah Martin, Esquire
>     Florida Bar No.: 102629
>     Ashley Landrum, Esquire
>     Florida Bar No.:  111594
>     LWalsh@florida-law.com
>     PBFiling@florida-law.com
>     DMartin@florida-law.com